IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore

Civil Action No. 23-cv-00101-RM-SBP

WALDO MACKEY,

    Plaintiff,

v.

CORRECTIONAL HEALTH PARTNERS,
STEPHEN KREBS, CEO of CHP,
KELLIE WASKO, CEO of CHP,
S. TATEOSIAN, CHP Provider,
LINDSAY GOUTY, Health Service Administrator at AVCF, and
KRISTOPHER LOVE, Nurse Practitioner at AVCF,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff Waldo Mackey's Memorandum of Law in Support of Motion for a Preliminary Injunction and Temporary Restraining Order (ECF No. 64), which the Court previously construed as a Motion requesting a Temporary Restraining Order and Preliminary Injunction and denied in part (ECF No. 67).  In that Order the Court denied Mr. Mackey's Motion for a Temporary Restraining Order but concluded that the Motion for a Preliminary Injunction could proceed in the normal course.  (ECF No. 67.)  The Court noted that Defendants had 30 days in which to respond.  (Id.)  Defendants Lindsay Gouty and Kristopher Love (together, the "DOC Defendants") filed a Response (ECF No. 83) and Mr. Mackey submitted a Reply (ECF No. 85).  Defendants Correctional Health Partners, Stephen Krebs, Kellie Wasko, and S. Tateosian (together, "CHP Defendants") did not file responses to the Motion and the time to do so has now expired.  The record reflects that Correctional Health

Partners was served on September 8, 2023. (ECF No. 75.) The Motion is now fully briefed, and the Court finds that no hearing is necessary in order to resolve the Motion.[1] Upon consideration of the Motion and the court record, and being otherwise fully advised, the Court finds and orders as follows.

I.   BACKGROUND

As set forth in this Court's prior Order in this case, Mr. Mackey is an inmate, currently serving his sentence in the Colorado Department of Corrections ("DOC") at the Arkansas Valley Correctional Facility ("AVCF"). (ECF No. 64, p.4.) He provided extensive documentation of a years-long dispute with DOC over his need to see an ear, nose, and throat specialist. (Id, pp. 20-61.) According to his records, Mr. Mackey has been suffering "for years" with a long-standing lung condition. (Id., p.20.) Mr. Mackey apparently initially believed his condition to be bronchitis, but he states that the condition has progressed over time, and he fears the problem is more serious. (Id., pp.8,20, 24, 34, 43, 45.) Specifically, Mr. Mackey apparently suffers from a number of lung symptoms, including trouble breathing, constant coughing up of phlegm which sometimes contains blood, chest tightness, and pain swallowing. (Id., pp.4, 35, 45.) It appears that the DOC medical department has diagnosed him with unspecified chronic obstructive pulmonary disease (Id., p.37) and on several occasions has submitted requests that Mr. Mackey be seen by a specialist (id., pp.22, 24, 27, 32, 37). Mr. Mackey alleges that each of those requests had been denied by Defendant Correctional Health Partners, the third-party manager

---

[1] Rule Fed. R. Civ. P. 65(a) does not expressly require an evidentiary hearing before a court rules on a motion for a preliminary injunction. *Northglenn Gunther Toody's, LLC v. HQ8-10410-10450 Melody Lane LLC*, 702 F. App'x 702, 705 (10th Cir. 2017) ("[N]either Fed. R. Civ. P. 65(a) nor this circuit's precedent require the district court to hold an evidentiary hearing or oral argument before deciding a motion for a preliminary injunction.") Instead, a court may deny an injunction based on the written evidence without a hearing, even if one is requested, where "receiving further evidence would be manifestly pointless." 11A Charles Alan Wright et al., Federal Practice and Procedure § 2949 (3d ed. 2020). *See also Carbajal v. Warner*, 561 F. App'x 759, 764 (10th Cir. 2014) (district court within discretion to decide whether to hold an evidentiary hearing); *Reynolds & Reynolds Co. v. Eaves*, 149 F.3d 1191, 1998 WL 339465, at *3 (10th Cir. June 10, 1998) (table) (same).

and insurance provider for DOC's healthcare services.  (Id., pp.22-28, 37-41, 53.)  Mr. Mackey asserts that his condition negatively impacts his daily activities, including by making it difficult for him to sleep, causing him to be isolated from other inmates who fear he might be contagious, and forcing him to request and receive "Unassigned Medical" status, which means he no longer has a job and loses the privileges that accompany a work assignment.  (Id., pp. 1-2, 10-16, 19, 61.)

Mr. Mackey filed his original complaint on January 12, 2023.  (ECF No. 1.)  In his suit, Mr. Mackey requests (1) a declaratory judgment that the Defendants' policies and practices violate the Eighth Amendment; (2) a declaratory judgment that "forces the Chief medical Officer to have his medical staff to stop treating the inmates as adversaries;" (3) compensatory damages of $50,000 from each Defendant; (4) punitive damages in various amounts from each Defendant; and (5) attorney fees and costs.  (ECF No. 6, pp. 13, 15[2].)  He filed the current motion on August 14, 2023.  (ECF No. 64.)

In their response to the Motion, the DOC Defendants note that Mr. Mackey had an appointment with an ear, nose, and throat specialist ("ENT") on August 10, 2023.  (ECF Nos. 83, p.4; 83-1, pp.4, 37-38.)  At that appointment, the ENT opined that Mr. Mackey's chronic cough was the result of post-nasal drainage and gastroesophageal reflux disease ("GERD").  (ECF No. 83-1, pp.37-38.)  The Doctor recommended that, in addition to the medications Mr. Mackey was already receiving, he be prescribed Atrovent nasal spray, an increase in his dosage of Omeprazole, and Tessalon Perles.  (Id.)  The ENT added that Mr. Mackey might need "a short

---

[2] The pages of Mr. Mackey's Second Amended Complaint were entered into the CM/ECF system out of order and, apparently, one page was inadvertently omitted.  The Court's references are to the page numbers as designated by Mr. Mackey.

3

burst of Hydrocodone to cough train" once his post-nasal drainage and GERD improved and that he needed a sleep study to determine if that was also contributing to the problem. (Id.)

Less than a month later, the DOC Defendants' records indicate that Mr. Mackey was again seen by the medical staff at AVCF to follow up on his visit to the ENT. (Id., p.39.) At that time they noted that Mr. Mackey had not yet come to pick up the medications he had been prescribed following that visit—namely, Atrovent and Tessalon Perles. (Id.) Mr. Mackey was informed that those medications were available to him and encouraged to pick them up. (Id., p.41.) He was also prescribed medications to treat his GERD. (Id.) The records also indicate that a follow-up appointment has been scheduled with the ENT doctor. (Id., p.43.)

At the request of DOC Defendants, Mr. Mackey has also been approved by the CHP Defendants for an appointment with a pulmonologist. (Id., p. 33.) That approval was entered on June 29, 2023. (Id.) DOC Defendants note that Mr. Mackey has been scheduled for an appointment with a pulmonologist in the coming months, although for security reasons DOC does not disclose the specific date of an inmate's outside medical appointment in advance. (Id., pp.3-4, 33.)

## LEGAL STANDARDS

### A. Pro Se Litigants

Because Mr. Mackey proceeds *pro se*, the Court construes his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). The Court does not, however, act as a plaintiff's advocate or make arguments for him. *Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1173 (10th Cir. 2013); *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). And *pro se* litigants are not excused from following the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citations omitted).

4

### B. Preliminary Injunctions

"A preliminary injunction is an extraordinary remedy, the exception rather than the rule." *Free the Nipple-Fort Collins v. City of Fort Collins*, *Colorado*, 916 F.3d 792, 797 (10th Cir. 2019) (quotation marks and citation omitted). Before such relief may be had, Mr. Mackey must establish: "'(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest.'" *Diné Citizens Against Ruining our Environment v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quoting *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002)). Because Mr. Mackey seeks a disfavored injunction,[3] he faces "a heavier burden on the likelihood-of-success-on-the-merits and the balance-of-harms factors: [he] must make a 'strong showing' that these tilt in [his] favor." *Free the Nipple-Fort Collins*, 916 F.3d at 797.

### C. Mootness

The doctrine of mootness is an aspect of Article III's case or controversy requirement. A case becomes moot when the issues involved are no longer "live" or the parties have no personal stake in the outcome. *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395–96 (1980). In practical terms, a plaintiff's claim is moot if there exists no reasonable expectation that the alleged violation will recur and interim events have eliminated the effects of the alleged violation. *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1524 (10th Cir. 1992) (citation omitted). "In such a situation, a federal court decision provides no resolution

---

[3] "Disfavored preliminary injunctions don't merely preserve the parties' relative positions pending trial. … Instead, a disfavored injunction may exhibit any of three characteristics: (1) it mandates action (rather than prohibiting it), (2) it changes the status quo, or (3) it grants all the relief that the moving party could expect from a trial win." *Free the Nipple-Fort Collins v. City of Fort Collins, Colorado*, 916 F.3d 792, 797 (10th Cir. 2019) (citations omitted). Mr. Mackey's Motion seeks both the first and second types of disfavored injunctions.

between the parties to the lawsuit and therefore, constitutes a constitutionally impermissible advisory opinion." *United States v. Dominguez-Carmona*, 166 F.3d 1052, 1055 (10th Cir. 1999), *overruled on other grounds by United States v. Meyers*, 200 F.3d 715, 721–22 (10th Cir. 2000). "[W]hen a favorable decision will not afford plaintiff relief, and plaintiff's case is not capable of repetition yet evading review, [the Court has] no jurisdiction under Article III." *McAlpine v. Thompson*, 187 F.3d 1213, 1216 (10th Cir. 1999).

"[A] justiciable case or controversy must remain 'extant at all stages of review, not merely at the time the complaint is filed.'" *Chapman v. Fed. Bureau of Prisons*, 285 F. Supp. 3d 1204, 1207–08 (D. Colo. 2016) (quoting *United States v. Juvenile Male*, 564 U.S. 932 (2011)). "Thus, mootness can be caused by events occurring after the complaint has been filed. According to the Tenth Circuit, '[t]he hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed.'" *Id.* at 1208 (quoting *Unified Sch. Dist. No. 259 v. Disability Rights Ctr. of Kan.*, 491 F.3d 1143, 1150 (10th Cir. 2007), citations omitted). A plaintiff's past exposure to illegal conduct is not sufficient, by itself, to demonstrate a present case or controversy for the purposes of seeking injunctive relief. *Id.* "Thus, when an injunction is sought, the plaintiff must show a continued susceptibility to injury." *Id.*

## II. DISCUSSION

In this case, Mr. Mackey seeks a preliminary injunction "requiring the Defendants to provide Plaintiff with adequate medical care by a qualified doctor, and to grant a preliminary injunction to have an examination and a possible diagnoses [sic] and treatment by a qualified specialist requiring defendants to carry out that plan of treatment." (ECF No. 64, p.13.) Thus, he requests that the Court order relief in two parts: (1) that he be taken to see one or more specialists, and (2) that the DOC Defendants be required to carry out the plan of treatment

devised by those specialists.  Based on the Court's review of the records provided by Mr. Mackey in this case, the crux of his complaint at the time he requested this relief was that the CHP Defendants had repeatedly rejected requests from his medical providers that he be referred to specialists for the treatment of his cough.  (Id., pp. 27-28, 37-41, 53.)  The DOC Defendants, in fact, repeatedly requested that he be seen by both an ENT and a pulmonologist, but those requests were denied by the CHP Defendants.  (Id.)

The records provided by the DOC Defendants, however, indicate that the CHP Defendants did, in fact, ultimately relent and approve the requested consultations with both an ENT specialist and a pulmonologist.  (ECF Nos. 83, pp.3-4; 83-1, pp.3-4, 33, 37-39, 43.)  Mr. Mackey has, in fact, already seen the ENT who made several treatment suggestions for the DOC Defendants.  (ECF No. 83-1, pp.37-38.)  The DOC Defendants, in turn, implemented those recommendations.  (Id., pp. 39, 43.)  In fact, it is Mr. Mackey who apparently did not comply with the treatment recommendations, having failed to pick up the medicine prescribed at the recommendation of the ENT.  (Id., pp.39-41.)  Furthermore, the records and statements of the DOC Defendants indicate that the CHP Defendants also ultimately agreed to pay for Mr. Mackey to visit a pulmonologist, and that such a visit has been scheduled though, as of the time the Response was filed, not yet completed.  (Id., pp. 3-4, 33.)

Based on this information, at this time there is no injunctive relief that this Court could order that Mr. Mackey has not already received—the requested appointments have been scheduled and carried out to the extent possible, and the recommendations of the ENT have been put into effect.  The Court concludes that there is no meaningful relief that it could fashion for Mr. Mackey in the form of a preliminary injunction, and that request has been rendered moot.  That is not to say, however, that the entirety of Mr. Mackey's civil complaint has been rendered

7

moot—he is seeking damages for his past treatment and alleges that the medical care he has received in the past has violated his rights under the 8th Amendment. That matter presents a live case or controversy and will continue to move forward.

The Court notes that the CHP Defendants have yet to enter an appearance in this case, let alone file a response to Mr. Mackey's request for injunctive relief. This is true despite the fact that at least Correctional Health Partners itself was served with Mr. Mackey's Complaint. (ECF No. 75.) Absent the Court's determination that the matter is moot, it would have granted the requested relief as to the CHP Defendants.

### III. CONCLUSION

Based on the foregoing, it is **ORDERED** that Mr. Mackey's Motion for a Preliminary Injunction (ECF No. 64) is DENIED; and it is

**FURTHER ORDERED** that the Clerk shall mail a copy of this Order to Correctional Health Partners, Stephen Krebs, Kellie Wasko, and S. Tateosian, at the Correctional Health Partners' Office at 1720 South Bellaire Street, Suite 700, Denver, Colorado 80222.

DATED this 13th day of November, 2023.

BY THE COURT:

RAYMOND P. MOORE
Senior United States District Judge