IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore

Civil Action No. 23-cv-00101-RM-SBP

WALDO MACKEY,

     Plaintiff,

v.

CORRECTIONAL HEALTH PARTNERS,

     Defendant.

---

### ORDER

---

Before the Court is Defendant's Motion for Summary Judgment (ECF No. 179), seeking

dismissal of the remaining claims in this prisoner civil rights case brought under 42 U.S.C.

§ 1983.[1]  The Motion has been briefed (ECF Nos. 183, 186) and is granted for the reasons below.

Plaintiff's pending Motion for the Appointment of Counsel (ECF No. 184) is denied as moot.

## I.   BACKGROUND

Proceeding pro se, Plaintiff asserts he received inadequate medical care while in the

custody of the Colorado Department of Corrections ("CDOC").  In his Second Amended

Prisoner Complaint, he asserted five claims against nine Defendants.  (ECF No. 6.)  Only his

claims against Defendant Correctional Health Partners ("CHP") remain at issue.  CHP is a

private company that contracts with CDOC to review and provide prior authorization for medical

---

[1] Although the Motion speaks of dismissal and Plaintiff's failure to state a claim, the Court
applies the standard of review applicable to summary judgment motions.

care to be provided to CDOC offenders outside of the internal CDOC medical system.  (ECF No. 180, ¶ 2.)

## II.    LEGAL STANDARDS

### A.    Summary Judgment

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018).  Applying this standard requires viewing the facts in the light most favorable to the nonmoving party and resolving all factual disputes and reasonable inferences in his favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013).  However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Scott v. Harris*, 550 U.S. 372, 380 (2007). "The substantive law of the case determines which facts are material."  *United States v. Simmons*, 129 F.3d 1386, 1388 (10th Cir. 1997).  A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law.  *Id.* at 251-52; *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000).

**B.**      **Treatment of a Pro Se Plaintiff's Pleadings**

The Court liberally construes Plaintiff's pro se pleadings.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  But a pro se plaintiff must follow the same rules of procedure that govern other litigants, and the Court does not supply additional factual allegations to round out his complaint or construct legal theories on his behalf.  *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009).  The Court may excuse a pro se plaintiff's failure to cite proper legal authority, confusion about various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements, but it does not act as his advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III.    ANALYSIS

To establish an Eighth Amendment claim for inadequate medical care under § 1983, an inmate must establish that prison officials were deliberately indifferent to his serious medical needs.  *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001).  "Deliberate indifference involves both an objective and a subjective component.  *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000).  To satisfy the objective component, a medical need must be either sufficiently serious that it has been diagnosed by a physician as mandating treatment or so obvious that even a lay person would easily recognize the necessity for a doctor's attention.  *Oxendine*, 241 F.3d at 1276.  To satisfy the subjective component, the plaintiff must show that the prison official knew of and disregarded an excessive risk to his health or safety by failing to take reasonable measures to abate it.  *Id.*; *Sealock*, 218 F.3d at 1209.  For claims involving failure to treat a serious medical condition properly, a medical professional's mere negligence in

3

diagnosing or treating the condition does not constitute deliberate indifference.  *Sealock*, 218

F.3d at 1211 (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)).

For present purposes, CHP does not challenge Plaintiff's ability to establish the objective

component.  (ECF No. 179 at 2.)  Rather, it argues Plaintiff cannot establish the subjective

component because he alleges no separate conduct by CHP—as opposed to medical staff at the

correctional facility where Plaintiff was being held—that violated his constitutional rights.  (*See*

*id.* at 5.)  The Court agrees.

In response to CHP's Motion, Plaintiff states that he "has misplaced his file on this case"

(ECF No. 183 at 2), while citing no evidence that supports his claims against CHP.  Although he

asserts that most of the material facts set forth in CHP's Statement of Undisputed Material Facts

(ECF No. 180) are "incorrect," this is insufficient to create a genuine issue of material fact.  As

set forth in the Court's Civil Practice Standards, "[a]n opposing party who contends the fact is

dispute must state . . . the nature of the dispute and set forth the evidence that supports the

position that the fact is controverted."  Civ. Practice Standard IV.C.2.d.2.  Accordingly, the

Court finds CHP's asserted material facts are undisputed for present purposes.

Moreover, where, as here, the burden of persuasion at trial would be on Plaintiff, and

CHP has demonstrated that Plaintiff's evidence is insufficient to establish that CHP knew of and

disregarded an excessive risk to his health by failing to take reasonable measures to abate it,

Plaintiff bears the burden of setting forth specific facts showing that there is a genuine issue for

trial.  *See Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 994 (10th Cir. 2019).  In the absence

of any evidence creating a material dispute as to the subjective component of Plaintiff's claims,

the Court finds CHP is entitled to summary judgment.  *See id.*

4

CHP also argues that Plaintiff has not shown that CHP caused any alleged violation of his constitutional rights.  Again, the Court agrees.  Plaintiff contends that he was examined by medical staff at various correctional facilities over forty times in a ten-year period and received over forth prescriptions for medication, all of which were ineffective.  (ECF No. 183 at 5.)  But nowhere does he explain how this amounts to deliberate indifference on the part of CHP. Indeed, there is no evidence before the Court establishing that CHP, or any of its employees, participated in any alleged deprivation of Plaintiff's rights.  Nor has Plaintiff refuted CHP's showing that it does not diagnose or treat CDOC offenders or exercise any authority over the healthcare providers at CDOC facilities.  (*See* ECF No. 180, ¶¶ 4, 6.)  On the current record, the Court discerns no evidence of a causal connection between any alleged act or omission by CHP and Plaintiff's alleged injury, much less any showing that CHP was the moving force behind any such injury.  These deficiencies in Plaintiff's claims provide additional grounds for granting CHP's Motion.

## IV.     CONCLUSION

Therefore, CHP's Motion for Summary Judgment (ECF No. 179) is GRANTED, Plaintiff's Motion for the Appointment of Counsel (ECF No. 184) is DENIED AS MOOT, and the Clerk is directed to CLOSE this case.

DATED this 27th day of May, 2026.

BY THE COURT:

RAYMOND P. MOORE
Senior United States District Judge